McGuireWoods LLP
500 East Pratt Street
Suite 1000
Baltimore MD 21202
Phone: 410.659.4400
Fax: 410.659.4599
www.mcguirewoods.com

Adam T. Simons
Direct: 410.659.4417

asimons@mcguirewoods.com
Fax: 410.659.4484

**McGuireWoods**

February 26, 2020

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

      Re:    *Dominguez v. Lowe's Companies, Inc.*, Case 1:19-cv-10343-PGG-SLC
             **Joint Request to Stay Initial Conference and Discovery Deadlines**

Dear Judge Gardephe:

      Plaintiff Yovanny Dominguez and Defendant Lowe's Companies, Inc. respectfully request that the Court stay any initial case management conference date and discovery deadlines in this matter until after Plaintiff files his contemplated Amended Complaint, and Defendant's anticipated motion to dismiss is decided.

      On February 24, 2020, Defendant filed its pre-motion conference letter setting forth its contemplated arguments for the dismissal of Plaintiff's claims. On February 25, 2020, Plaintiff filed his response, in which he requested a period of fourteen days to file an Amended Complaint to substitute the correct corporate entity as the defendant, Lowe's Home Centers, LLC ("Lowe's Home Centers"). Lowe's Home Centers anticipates that it will move to dismiss Plaintiff's Amended Complaint.

      The parties have conferred and agree that staying any initial case management conference and discovery deadlines until the resolution of Defendant's anticipated pre-answer motion is in the parties' best interests, as it will allow for the parties to avoid the time and expense of discovery until the Court reaches a decision on whether and to what extent the case will proceed. Further, there are no current deadlines set in this matter, and a stay of these deadlines will prejudice neither party.

      Accordingly, the parties request that the Court stay any initial case management conference date and discovery deadlines until Defendant's motion to dismiss is decided.

Respectfully submitted,

/s/ *Adam T. Simons*

Adam T. Simons
McGuireWoods LLP
*Attorneys for Defendant*

CONSENTED TO BY:

*/s/ Bradly Marks (with permission)*
Bradly Marks
The Marks Law Firm, P.C.
*Attorneys for Plaintiff*

---

This case having been referred to the undersigned for general pretrial matters (ECF No. 5), requests concerning such matters should be addressed accordingly.

The parties' joint Letter-Motion to stay any initial case management conference date and discovery deadlines until defendant's motion to dismiss is decided (ECF No. 12) is DENIED.  "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  Courts do not routinely stay discovery "simply on the basis that a motion to dismiss has been filed." Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); Mirra v. Jordan, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal citation omitted).  The Clerk of Court is respectfully directed to close ECF No. 12.

SO-ORDERED 2/26/2020

SARAH L. CAVE
United States Magistrate Judge